PEGAN ET AL., APPELLEES, *v*: MADDEN ET AL.;
C. I. T. CORP., APPELLANT.

470

(No. 3874—Decided March 16, 1942.)

*Mr. Morris A. Epstein,* for appellees.
*Mr. Willis C. Knisely* and *Messrs. Holloway, Peppers & Romanoff,* for appellant.

Lloyd, J.   On August 6, 1940, John Pegan and Anna Pegan, as plaintiffs, filed their petition in the Court of Common Pleas wherein Harold V. Madden, Harold E. Pettigrew, The Swan Creek Lumber Company and the C. I. T. Corporation were named as defendants.

On September 28th they filed an amended petition and on July 9, 1941, at the conclusion of the trial, by leave of court and over the objection of C. I. T. Corporation, filed a supplement to their amended petition. In their amended petition they alleged that the lumber company and the C. I. T. Corporation are Ohio corporations and that the plaintiffs are the owners of lot 81 in Fassett Plan Addition in Toledo; that on February 14, 1940, they contracted in writing with the defendant Madden to furnish the material and labor for a new addition to the building located thereon and to make other improvements and repairs thereto for the total sum of $900, of which $300 was paid on the execution of the contract; that subsequently, on February 29, 1940, they entered into a supplementary agreement whereby for $200 Madden was to do other work not included in the first agreement, which sum they paid to Madden on March 14, 1940; that on February 14, 1940, Madden submitted to plaintiffs a credit statement application which they signed upon his representation that its sole purpose was the securing approval for the financing by C. I. T. Corporation of the

$600 balance to be paid on the contract of February 14, 1940; that when signing it, they believed they were doing it solely for credit information, whereas what they signed was in fact a promissory note which was later filled out by Madden in the amount of $689.87 payable in monthly installments of $19.16 each; that attached thereto was a "Completion Certificate" certifying "that all articles and materials had been furnished and installed and the work satisfactorily completed in accordance with my application for a loan on the premises as indicated below and pursuant to the provisions of Title I of the National Housing Act as amended. The undersigned authorizes detachment of my (our) note and if said note is undated, hereby authorizes C. I. T. Corporation to insert the date hereof or any later date as the date of said note"; that on that date, without the knowledge or consent of plaintiffs and before any of the work had been commenced "and in fraud of the rights of these plaintiffs and of the Federal Housing Administration, did forge or cause to be forged on said 'Completion Certificate' the names of these plaintiffs" and "then presented said promissory note and Completion Certificate to the C. I. T. Corporation," obtaining from it on February 16, 1940, $601, the balance of the contract price, paying to the C. I. T. Corporation $88.87, its loan charges by inclusion thereof in such note; that the C. I. T. Corporation knew, when the credit statement application filled out by plaintiffs and the promissory note were submitted to it, that the names of plaintiffs on said "Completion Certificate" were forged and that Madden was negotiating the note before the work contracted for was completed; that the C. I. T. Corporation was authorized to finance loans for Federal Housing Administration improvements, and knowing that the required "Completion Certificate" was a forgery and a fraud on the plaintiffs and the Federal

Housing Administration, accepted such note from Madden and gave to him the sum of $689.87 "all in violation of the express provisions and regulations of the National Housing Act"; and "that in order to prevent suit against them on said note, plaintiffs have already paid to the C. I. T. Corporation $75.81 on account of said note."

The plaintiffs allege in their amended petition that Pettigrew and the lumber company had mechanics' liens on their property, and claiming they have been damaged by the acts of Madden in the sum of $1,157, pray for a judgment against him in that amount with interest and for a judgment against the C. I. T. Corporation for $75.81, and that the note in question be cancelled and that the alleged mechanics' liens be declared null and void.

Madden was agent and employee of The Paramount Improvement & Construction Company, a corporation engaged in repairs and improvements to home and business property, and Old Dominion, Inc., which sold materials used in such repair and construction work, The Paramount Improvement & Construction Company being a subsidiary of Old Dominion, Inc.

The note as filled out by Madden was made payable to the improvement company and when purchased by C. I. T. Corporation was endorsed without recourse by Paramount and Old Dominion, Inc., with a statement of Paramount attached thereto that all materials and labor referred to in the "Completion Certificate" had been furnished and that the signatures on the "Completion Certificate" were genuine.

In their supplement to their amended petition, the plaintiffs alleged that on October 14, 1940, and since the filing of their amended petition, the C. I. T. Corporation assigned and transferred the note in question to its now owner, the United States of America, warranting that it had qualified for insurance under

the Federal Housing Act and had received from the United States on October 21, 1940, the balance due thereon; that the United States has commenced a civil action against plaintiffs in the United States District Court to collect such sum with interest thereon from October 21, 1940; that the warranty of the C. I. T. Corporation was false and untrue and that by reason of the false and fraudulent conduct of the C. I. T. Corporation, as alleged in plaintiffs' amended petition, plaintiffs have incurred an expense of $250 in the prosecution of this and in the defense of such action pending in the district court. In this supplementary pleading, plaintiffs pray that, in addition to the relief sought in their amended petition, they may have judgment against the C. I. T. Corporation for $547.76 with interest from October 21, 1940, and for $250, incurred for attorney fees in defending this and the action commenced in the federal court. Other than objecting to the filing of this supplement to the amended petition, C. I. T. Corporation made no request of the court with respect thereto and proceeded with its defense to the alleged cause of action of the plaintiff. In its answer to this supplement of plaintiffs to their petition, the C. I. T. Corporation admits:

"That on or about the 14th day of October, the United States Government acquired the note of John and Anna Pegan under the provisions of the Federal Housing Act and paid the C. I. T. Corporation the sum of $547.76 thereon, and the United States of America in the District Court of the United States has filed a civil action thereon against said plaintiffs."

On December 10, 1941, the Court of Common Pleas adjudged that:

"The plaintiffs John Pegan and Anna Pegan have and recover judgment against the defendants Harold V. Madden and C. I. T. Corporation in the sum of $1,084.07 with interest on $710.50 from June 29, 1940,

with interest on $75.81 from August 2, 1940, and with interest on $250 from date hereof, and costs.''

The C. I. T. Corporation, the only defendant appealing to this court, appeals from this judgment on questions of law, the substance of the errors assigned by it as prejudicial being that the findings and judgment of the Court of Common Pleas are not supported by any evidence and are contrary to law.

On the admitted facts as pleaded, the C. I. T. Corporation was not at the time of the trial the holder of the promissory note in question, and that obviously was the reason for the filing by plaintiffs of their supplement to their amended petition in effect changing the cause of action from one in equity to one at law for damages. The note was negotiated to the C. I. T. Corporation before its maturity and was assigned and transferred by C. I. T. Corporation to the United States after its maturity and under the Negotiable Instruments Act is therefore now subject to whatever defenses may lawfully be made thereto unless the United States has some superior right therein of which this court has not been advised and is not aware. The plaintiffs, however, apparently are of the opinion that whatever defenses there were to the validity of the note as against the C. I. T. Corporation are available to them in the pending action in the federal court, since they allege in their ''supplement to amended petition'' that they ''have been compelled to engage counsel to prosecute the instant action and to defend the action of the United States of America and have incurred expenses therefor in the amount of $250.'' The present holder thereof is not a party to the instant action, and therefore the Court of Common Pleas could not well pass upon its validity, since so far as affects the C. I. T. Corporation, its judgment was and must be based on the determination of that issue.

For like reason, plaintiffs may not recover damages

in the instant action for either the $547.76 received by
C. I. T. Corporation upon the transfer and assignment
of the note to the United States or for the $250 claimed
as attorney fees, nor may they have judgment for the
$75.81 paid by plaintiffs to C. I. T. Corporation before
the transfer of the note, because the payment thereof
was voluntarily made.

The judgment of the Court of Common Pleas is
therefore reversed and final judgment rendered in
favor of the C. I. T. Corporation dismissing the peti-
tion and supplement thereto of the plaintiffs at their
costs.

*Judgment reversed.*

OVERMYER and CARPENTER, JJ., concur.